CRH:DMP/ICR/NCG
F. #2020R00785

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
\*   DECEMBER 20, 2022   \*
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - X

Judge Eric N. Vitaliano
Magistrate Judge Robert M. Levy

UNITED STATES OF AMERICA

- against -

MOHAMMAD DAVID HASHIMI,
SEEMA RAHMAN,
ABDULLAH AT TAQI and
KHALILULLAH YOUSUF,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 22-CR-553
(T. 18, U.S.C., §§ 981(a)(1)(C),
981(a)(1)(G), 982(a)(1), 982(b)(1),
1956(h), 2339B(a)(1), 2339B(d), 2 and
3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy To Provide Material Support To A Foreign Terrorist Organization)

1.    In or about and between July 2020 and December 2022, both dates being approximate and inclusive, within the Eastern District of New York and the extraterritorial jurisdiction of the United States, the defendants MOHAMMAD DAVID HASHIMI, SEEMA RAHMAN, ABDULLAH AT TAQI and KHALILULLAH YOUSUF, together with others, did knowingly and intentionally conspire to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), including property and services, including currency and monetary instruments, to a foreign terrorist organization, to wit: the Islamic State of Iraq and al-Sham ("ISIS"), which at all relevant times had been designated by the Secretary of State as a foreign terrorist organization, knowing that ISIS was a designated terrorist organization and that ISIS had engaged in and was engaging in terrorist activity and terrorism, and the offense occurred in part within the United States, the offense occurred in and affected

interstate and foreign commerce, and the defendants were nationals of and conspired with one or more nationals of the United States (as defined in section 101(a)(22) of the Immigration and Nationality Act).

(Title 18, United States Code, Sections 2339B(a)(1), 2339B(d) and 3551 et seq.)

## COUNT TWO
(Attempt To Provide Material Support To A Foreign Terrorist Organization)

2. In or about and between July 2020 and December 2022, both dates being approximate and inclusive, within the Eastern District of New York and the extraterritorial jurisdiction of the United States, the defendants MOHAMMAD DAVID HASHIMI, SEEMA RAHMAN, ABDULLAH AT TAQI and KHALILULLAH YOUSUF, together with others, did knowingly and intentionally attempt to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), including property and services, including currency and monetary instruments, to a foreign terrorist organization, to wit: ISIS, which at all relevant times had been designated by the Secretary of State as a foreign terrorist organization, knowing that ISIS was a designated terrorist organization and that ISIS had engaged in and was engaging in terrorist activity and terrorism, and the offense occurred in part within the United States, the offense occurred in and affected interstate and foreign commerce, and the defendants were nationals of and conspired with one or more nationals of the United States (as defined in section 101(a)(22) of the Immigration and Nationality Act).

(Title 18, United States Code, Sections 2339B(a)(1), 2339B(d), 2 and 3551 et seq.)

## COUNT THREE
(Conspiracy To Commit Money Laundering)

3. In or about and between July 2020 and December 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MOHAMMAD DAVID HASHIMI, SEEMA RAHMAN, ABDULLAH AT TAQI and KHALILULLAH YOUSUF, together with others, did knowingly and intentionally conspire to transport, transmit and transfer monetary instruments and funds, to wit: wire transfers and cryptocurrency transactions, from one or more places in the United States to and through one or more places outside the United States, (a) with the intent to promote the carrying on of one or more specified unlawful activities, to wit: conspiring and attempting to provide material support and resources to a designated foreign terrorist organization, as charged in Counts One and Two, contrary to Title 18, United States Code, Section 1956(a)(2)(A), and (b) knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of said specified unlawful activities, contrary to Title 18, United States Code, Section 1956(a)(2)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND TWO

4. The United States hereby gives notice to the defendants that, upon their conviction of either of the offenses charged in Counts One and Two, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to

forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c), which require the forfeiture of all assets, foreign or domestic, (i) of any individual, entity or organization engaged in planning or perpetrating any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; (ii) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting or concealing any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States or their property; (iii) derived from, involved in or used or intended to be used to commit any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States or their property; or (iv) of any individual, entity or organization engaged in planning or perpetrating any act of international terrorism (as defined in Title 18, United States Code, Section 2331) against any international organization (as defined in Title 22, United States Code, Section 4309(b)) or against any foreign government.

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

5

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 981(a)(1)(C), 981(a)(1)(G); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT THREE

6. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

6

property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2020R00785

FORM DBD-34
JUN. 85

No. 

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

MOHAMMAD DAVID HASHIMI,
SEEMA RAHMAN,
ABDULLAH AT TAQI and
KHALILULLAH YOUSUF,

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 981(a)(1)(G), 982(a)(1), 982(b)(1), 1956(h), 2339B(a)(1), 2339B(d), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____*Gregory Grant*_____

Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____

Clerk

Bail, $ _____

_____

*Douglas M. Pravda, Ian C. Richardson, Nina C. Gupta*
*Assistant U.S. Attorneys (718) 254-7000*